Mr. Justice Merricic
delivered the opinion of the Court:
So far as we have been able to gather, from the averments of the amended bill, the answer and the agreed statement of facts filed in the cause, the complainant sues in respect to ten several parcels of property, which are identified, and which it is averred she purchased from the District of Columbia at the sales for delinquent taxes, made by the Collector of Taxes in the years 1880, 1881,1882 and 1884. All of these parcels had been bought in and were held by the District of Columbia under antecedent tax sales, there having been no sufficient bid at said tax sales within the terms of the Acts of Congress of March 3, 1875, chap. 162, and of the Act of March 3,1877. As to all these lots she claims that she is entitled to a deed from the proper authorities, but that they have refused to execute deeds therefor, claiming that they are further entitled to the payment of all arrears of taxes accrued before the issue of a deed, by virtue of a' reservation to that effect contained in the certificates of purchase issued at the time of sale over and above the full price bid by her at the sale and paid in due season. Under these circumstances she claims by her bill that a court of equity should enforce the execution and delivery of deeds to her without requiring payment of any arrears for taxes.
She also sues in respect to three other parcels of land which are described, averring herself to be the assignee by deed from Harvey Spaulding, who purchased said parcels at a tax sale in 1875, receiving a deed therefor from the District on the 15th of December, 1880, conveyed the same to her on the 30th of December, 1880. As to these three parcels she avers that the District is unlawfully attempting to sell them for taxes, some of which were in arrear, but not embraced in the advertisement for delinquent taxes and in the sale, therefor, of 1875, and for others which accrued between the sale of 1875 and the deed to Spaulding of December, 1880; and she also avers that between 1875 and 1880, the District bought in these three lots at delin *205 quent tax sales. She gives in her bill a list of the taxes for which the District now threatens to sell; some of them antedating the sale to Spaulding, and others being subsequent to 1875 and prior to 1880. She does not in her bill tender payment of any part of the alleged arrears; but claims that.she is no less exempt by virtue'of the deed for those accruing between 1875 and 1880 than for those which were in arrear and which might have been included in the offer of sale in 1875.
In this state of case the Court is unanimously of opinion, upon the complainant’s own showing, that she has no standing to claim the relief which she prays in respect to any of the lots embraced in the third paragraph of her amended bill (being the first mentioned ten lots), for the reason that the District of Columbia, having, by force of the Acts of March 3, 1875, and March 3, 1877, acquired only a definite statutory lien under the purchases made in its own name and behalf, at the delinquent tax sales mentioned, could no longer advertise and sell property thus circumstanced at an ordinary delinquent tax sale by the collector; but that the only way in which the District of Columbia could sell under the combined operation of those statutes was by on application to the equity side of this Court for a sale in the nature of a foreclosure sale, pursuant to the terms and subject to the limitations of said act of 1877. Consequently, the attempt of the .collector to sell property thus circumstanced was an act entirely ultra vires; and his acts, therefore, conferring no title, legal or equitable, the complainant has no right or title, whatever giving her a standing in this Court to assert any demands with regard to the property thus circumstanced. By virtue of other provisions of law she doubtless has a right to reimbursement for the several sums she has paid to the District, for and on account of the property in question; but that demand cannot be availed of under the present form of procedure, even if there were averments in the bill of sufficient *206 precision to advise the Court of the state of the account between the parties to the cause.
With regard to the three lots described in the sixth paragraph of the bill, it is quite clear to the Court upon the authority of the case of Brewer vs. District of Columbia, 5 Mackey, 274, which case received a very careful examination by the judges who decided it, that by the legal operation of the tax sale to Harvey Spaulding in September, 1875, the District of Columbia forever lost all right against the purchaser at that sale, and those claiming title under him, to demand any taxes then in arrear and which might have been included in the delinquencies for which such sale was made; but that that case did not decide and was not intended to decide anything with regard to taxes accruing upon property intermediate between the last default for which a tax sale could be had, and the date of the deed given in completion of such a sale.
■ And we are of opinion that when the deed was given it related back to the time of the sale only, and cannot be relied upon, by way of estoppel or otherwise, to extinguish the right of the District to enforce by appropriate proceedings the payment of taxes maturing due, and becoming enforceable subsequently to the date of a tax sale. However, if this case presented that simple predicament, the complainant would be in no situation to ask relief by way of injunction; first, because it does not appear that she has tendered the amount of taxes which fell in arrear between 1875 and 1880; and, second, because under the decisions of the Supreme Court of the United States and this Court in McCormick vs. District of Columbia, 4 Mackey, 396, a bill in equity does not lie to restrain an illegal tax sale unless some equity, supervenient upon the illegality of the attempted sale, is disclosed in the bill. Nevertheless, it is to be remembered (inasmuch as the District of Columbia is disabled from selling, at collector’s sale, the three lots described in the sixth *207 paragraph for the same reason that it is disabled from selling those described in the third paragraph of the amended bill, because according to the agreed state of facts, after the act of 1877 went into operation, it itself purchased in those lots for taxes in arrear subsequent to. the sale of 1875 to Spauding) that it is competent for the complainant to redeem them, and the District would be compelled to accept the redemption money should it attempt, in the only way now open to it, to sell those lots under a judicial proceeding-in equity for foreclosure as prescribed by the said Act of of 1877.
For the reasons thus briefly set forth we are of opinion that the complainant is not entitled to' any relief upon the case made by the proceedings in the cause, and that her bill must be dismissed, with costs.